**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**
_____

PETER MARTIN KING,

    Petitioner,

v.                                                             Case No. 19-11658

DONALD AMES,

    Respondent.
_____/

**OPINION AND ORDER SUMMARILY DENYING PETITION FOR WRIT OF HABEAS
CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

Peter Martin King, a West Virginia prisoner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) Petitioner pleaded guilty in the Wayne Circuit Court to second-degree murder and commission of a felony with a firearm. He was sentenced to 18 to 40 years for the murder conviction and a consecutive two years for the firearm conviction. Petitioner will begin serving his Michigan sentence after he completes serving an unspecified sentence in West Virginia.

Upon receipt of a habeas corpus petition, a federal court must "promptly examine [the] petition to determine 'if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief.'" *Crump v. Lafler*, 657 F.3d 393, 396 n. 2 (6th Cir. 2011) (quoting Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254). "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face . . . ." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Indeed, "the District Court has a duty to screen out a habeas corpus

petition which should be dismissed for lack of merit on its face." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

After undertaking the review required by Rule 4, the court concludes that Petitioner's claim does not entitle him to habeas relief and the petition must be summarily denied. *See McIntosh v. Booker*, 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004). Petitioner's only claim for relief is that he is entitled to credit on his Michigan sentence for the time he served in jail in West Virginia on pending charges there after Michigan filed a fugitive from justice warrant. This claim is not cognizable on federal habeas review and is otherwise without merit.

A federal court may grant a writ of habeas corpus only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a). Therefore, violations of state law and procedure, which do not infringe specific federal constitutional protections, are not cognizable claims under Section 2254. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). A prisoner has no right under the federal constitution to earn or receive sentencing credits. *Moore v. Hofbauer*, 144 F. Supp. 2d 877, 882 (E.D. Mich. 2001) (citing *Hansard v. Barrett*, 980 F.2d 1059, 1062 (6th Cir. 1992)). Because Petitioner's claim challenges the application of a Michigan sentencing credit law, the claim is not cognizable on federal habeas review. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003); *Dowdy v. Sherry*, No. 06-10735, 2008 WL 5188827, *12 (E.D. Mich. Dec. 10, 2008).

The claim is also without merit because Petitioner is not entitled to credit for the time served in a West Virginia jail on West Virginia charges, regardless of whether a Michigan detainer was filed. In *People v. Adkins*, 449 N.W.2d 400 (1989), the Michigan

Supreme Court found persons held in another jurisdiction on detainers are not entitled to such sentencing credit:

> [T]he mere placement of a hold or detainer on a prisoner—an indication to the authorities in the jurisdiction which has custody of the defendant that there are charges pending against him in another jurisdiction, and that the authorities from that jurisdiction would like to be notified before he is released—does not "convert" the time the defendant is serving in the first jurisdiction into time served "for the offense" of which he is later convicted in the requesting jurisdiction.
>
> The fact that such a hold or detainer has been entered does not mean that the authorities in the requesting jurisdiction gain something akin to "constructive custody" of the defendant; nor does it mean that the defendant is no longer incarcerated solely because of the unrelated offense in the other jurisdiction. It simply means that the authorities in the jurisdiction which has custody of the defendant have agreed not to release him without notice to the "holding" jurisdiction, and will turn him over to such authorities upon request. In short, whether a hold has, or could have, entered against the defendant is irrelevant for purposes of determining how much time the defendant has served "for the offense of which he is convicted."

*Id.* at 406–07.

The petition for writ of habeas corpus, therefore, will be summarily denied because it fails to state a cognizable claim and is otherwise without merit. Moreover, Petitioner is not entitled to a certificate of appealability because he has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Accordingly,

IT IS ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED.

IT IS FURTHER ORDERED that a Certificate of Appealability is DENIED.

                                          s/Robert H. Cleland
                                          ROBERT H. CLELAND
                                          UNITED STATES DISTRICT JUDGE

Dated:  June 26, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 26, 2019, by electronic and/or ordinary mail.

s/Lisa Wagner  
Case Manager and Deputy Clerk  
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\19-11658.KING.SummaryDenial.docx